**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Laron Darrell Carter,<br><br>　　　　　　Defendant. | CR 14-297-VAP<br><br>**ORDER DENYING MOTION TO VACATE THE COURT'S PROTECTIVE ORDER** |

　　　　On April 27, 2016, after the jury rendered its verdict in this case, Defendant Laron Carter ("Defendant") orally renewed his Motion to Vacate the Court's Protective Order ("Motion"). The Government opposed the Motion on May 10, 2016 (Doc. 252), and Defendant replied on May 18, 2016 (Doc. 254).

　　　　After consideration of the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion in its entirety.

　　　　On May 7, 2014, the Court entered a Protective Order restricting access to discovery material concerning the victims in this case. (Doc. 14.) Defendant sought to vacate the Order before trial (Doc. 90), but the Court denied his request (Doc. 158 at 5).

　　　　Defendant seeks again to vacate the Order, claiming the victims have no right of privacy to their identifying information because (1) they testified at trial, and (2) the information at issue was introduced in trial exhibits. (Reply at 3.) The Government contends "it is inappropriate for the victim's personal information to be made available at the jail, without any way to control who else may see it." (Opp'n at 2.) In light of his conviction for sex-trafficking of minors and his anticipated continuing incarceration, Defendant claims he has no interest in divulging the victims' information to anyone in prison. (Reply at 4.)

  Defendant provides no controlling authority -- and the Court is not aware of any -- to support his Motion.  Although the Government disclosed some of the victims' identifying information at trial, their safety and privacy interests would be affected negatively if Defendant were allowed unlimited access to evidence revealing, for example, criminal history.  What is more, in denying Defendant's Motion, the Court prohibits Defendant only from reviewing the discovery documents alone -- he is still free to review them with his attorney, pursuant to the Protective Order.  Finally, as the Government has expressed its willingness "to meet and confer further if there are specific categories of discovery that [D]efendant believes should not be subject to the Protective Order[]," the Court DENIES Defendant's Motion.  (Opp'n at 2.)

  **IT IS SO ORDERED.**

Dated: 6/9/16

                Virginia A. Phillips
                United States District Judge