TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698
     Facsimile: (213) 894-6269
     E-mail:    Jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LARON DARRELL CARTER,<br>　　aka "Birdd,"<br>　　aka "Pi Birdd,"<br>　　aka "Pi Pimpin Birdd,"<br>　　aka "Garr Birdd,"<br>　　aka "Gardena Pimpin Birdd,"<br><br>　　　　Defendant. | No. CR 14-297-VAP<br><br><u>GOVERNMENT'S REPLY TO DEFENDANT'S POSITION RE: RESENTENCING</u><br><br>SENTENCING DATE: 10/4/2021 |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Jeff Mitchell, hereby files its reply to defendant's position on resentencing of defendant Laron Carter.

//

//

//

The government's reply is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: September 21, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


            /s/ Jeff Mitchell
JEFF MITCHELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On September 13, 2021, defendant filed his position on resentencing and made several objections to the PSR. The government herby files its reply.

**II.  DEFENDANT'S OBJECTIONS TO THE OFFENSE LEVEL**

**A.  A Multiple-Count Adjustment is Proper**

Defendant argues that the PSR incorrectly assessed "grouping" points for a multiple-count adjustment and a 5-level increase under USSG § 4B1.5(b). (Def. Position at 1.) Essentially, defendant argues that it is impermissible double counting to apply both adjustments. Several circuits, including the Ninth Circuit, have rejected this claim because the adjustments address different harms. Specifically, the multiple-count adjustment addresses multiple victims, while the § 4B1.5 adjustment addresses offenders who have a history of more than one instance of sexually exploiting the same victim, among other purposes.

In United States v. Norris, 2013 WL 1736503 (9th Cir. 2013), the district court imposed both a two-level multiple-count adjustment, and a five-level adjustment for engaging in a pattern of activity involving prohibited sexual conduct under USSG § 4B1.5(b)(1). The Ninth Circuit found that the district court did not impermissibly double count by imposing both enhancements because "Section 4B1.5(b)(1) expressly provides for a five-level enhancement 'plus the offense level determined under Chapters Two and Three,' e.g., plus adjustments under grouping rules in USSG §§ 3D1.2 to 3D1.4. The sections address distinct harms and each serves a unique purpose." Id. at 1. See also United States v. Peck, 496 F.3d 885 (8th Cir.

2007)(Rejecting a claim of double counting in the application of a multiple-count adjustment and Section 4B1.5 enhancements because the enhancements for the number of minors Peck exploited, and for the fact that Peck exploited the minors on multiple occasions are not premised on the same harm); United States v. Fleischer, 971 F.3d 559 (6th Cir. 2020)(Rejecting a claim of double counting in a child pornography case because "the Guidelines separately punish defendants who sexually exploit multiple victims, and child pornography offenders who have a history of more than one instance of sexually abusing or exploiting a child.  These enhancements are therefore not premised on the 'same type of harm.'").

Here, not only was defendant convicted for sex trafficking multiple minors, but the minor victims testified at trial that the conduct was on-going for many years.  For all of these reasons, both adjustments are warranted.

**B.   The Sentencing Guidelines for Counts 1 & 2**

Defendant objects to paragraph 45 of the PSR that applies the 2018 version of the Guidelines, and argues that the 2003 version of the Sentencing Guidelines should be applied for Counts 1 and 2. (Def. Position at 6.)

The government also objected to paragraph 45 due to an ex post facto claim, however, the government argued that the 2004 version of the Guidelines should apply because there is evidence that LH worked for defendant as a child prostitute into late 2004.  The government relies on the PSR which states that LH began working for defendant as a prostitute at the age of 16 in the summer of 2003, and that she worked for defendant for approximately a year and a half.  (PSR ¶¶ 21-22.)  The PSR's information comes from the trial memorandum and

reports of investigation, including victim interviews.  (PSR ¶ 20.) Defendant supports his argument by claiming that LH testified at trial that she began working for defendant in 2003 but she could not recall the exact dates.  (Id.)  Defendant appears to suggest that LH's inability to recall the exact dates during her trial testimony undermines her prior statements that were documented in the reports of investigation that were relied upon in the PSR.

Defendant correctly notes that the base level in 2003 version of the Guidelines was lower than the 2004 version, however, defendant's proposed adjusted offense level for Counts 1 and 2 (level 28) is actually higher than the government's calculation (level 26). Nonetheless, neither calculation would have an effect on the total offense level because the adjusted offense levels for Counts 1 and 2 are more than eight levels lower than the leading offense level for Counts 11 and 12 (level 36).  Therefore, Counts 1 and 2 receive zero units in the multiple-count adjustment calculation.  (See Government's Position Re: Resentencing, CR 334, at 4.)

**C.   An Enhancement for Undue Influence is Warranted**

Defendant objects to the two-level enhancements for undue influence of victims AD, DS, JCC, and MC in Counts 5-12.  (Def. Position at 7, 8, 9.)  Defendant argues that the victims did not testify to undue influence, therefore, the adjustment is not warranted.  (Id.)  The government disagrees.  As the PSR notes, this adjustment was applied because defendant was more than 10 years older than AD, DS, JCC, and MC.  (PSR ¶¶ 58, 65, 72, 79)(quoting USSG § 2G1.3(b)(2)(B), Note 3(B), "In a case in which a participant is at least 10 years older than the minor there shall be a rebuttable presumption that subsection (b)(2)(B) applies.")

3

Defendant made this same objection to the PSR for the initial sentencing in 2016.  (CR 261 at 12-13.)  The Court overruled his objection in 2016, and should do so again.  Defendant has failed to introduce any evidence to rebut the presumption or application of the adjustment.  Accordingly, this enhancement should be applied.

**III. DEFENDANT AGAIN ARGUES PRE-INDICTMENT DELAY**

Defendant alleges the government deliberately delayed prosecuting him for an "unfair tactical maneuver."  (Def. Position at 11.)  Defendant fails to cite evidence to support his claim that the delay was deliberate, or that it was tactically motivated.  Defendant also fails to show that defendant, or any defense witness, was prejudiced by the delay due to a fading memory or any other reason.  Nonetheless, defendant argues that it is a due process violation, and he should receive a sentencing benefit.

Defendant previously raised pre-indictment delay claims in 2016.  (CR 206.)  This Court, however, rejected his claim.  (CR 219.)  In doing so, the Court held that the government had legitimate reasons for not filing the First and Second Superseding Indictments before 2016.  (Id at 9.)  Further, the Court held that defendant failed to show the government's delay was due to culpable conduct.  (Id.)  For all of these reasons, the Court should deny defendant's request for a windfall sentencing benefit.

**IV.   COUNT 11 SHOULD NOT BE VACATED**

For the first time, defendant claims that Count 11 is "tainted" and it should be vacated due to the reckless disregard jury instruction that was given at trial.  (Def. Position at 8-9.)  Not only does defendant fail to explain why it should be vacated, other than declaring that it was error and citing to United States v.

4

1  Rodriguez, 880 F.3d 1151, 1159-63 (9th Cir. 2018), but defendant
2  fails to recognize that he proposed the instruction that he now
3  claims is error.
4     Count 11 charged defendant with sex trafficking MC while
5  "knowing, or in reckless disregard of the fact" that she was a minor.
6  The parties filed joint proposed jury instructions, and requested
7  that the Court instruct the jury that, "[t]o act recklessly means to
8  act with a lack of care or caution, or to be careless or
9  irresponsible.  To have disregard means to pay no attention or heed
10 to, or to ignore."  (CR 204 at 9.)  The Court instructed the jury as
11 requested.  (CR 250 at 35.)  Defendant now argues this instruction
12 was improper and the Court should vacate this count.
13    Not only did defendant jointly propose the instruction, but
14 defendant fails to recognize that the government, and evidence at
15 trial, did not rely on the reckless disregard instruction.
16 Specifically, the government also requested the Court instruct the
17 jury that:
18    if the defendant had a reasonable opportunity to observe
       the person so recruited, enticed, harbored, transported,
19     provided, obtained, or maintained, <u>the Government need not
       prove that the defendant knew, or recklessly disregarded
20     the fact</u>, that the person had not attained the age of 18
       years.
21
22 (CR 204 at 7)(emphasis added.)  The Court agreed and gave the
23 requested instruction.  (CR 250 at 33.)  At trial, the government
24 introduced evidence that the defendant did in fact have a reasonable
25 opportunity to observe MC as he drove her in a car for several hours
26 from San Diego to Las Vegas for the purpose of prostitution.  For
27 these reasons, the Court should deny defendant's last minute request
28 to vacate Count 11.

5

**V.  DEFENDANT'S OBJECTIONS TO HIS CRIMINAL HISTORY CATEGORY**

    **A.  Convictions Set Aside Still Accumulate Criminal History Points**

In 2019, in anticipation of resentencing for the instant matter, defendant applied to the California Superior Court to retroactively dismiss and set aside the following five prior convictions:

- Acquisition of Access Card Account Information (Case No. YA039016) (PSR ¶ 111).  On October 29, 2019, the offense was reduced from a felony to a misdemeanor, and then the conviction was set aside pursuant to California Penal Code § 1203.4.  (Defense Exhibit at 1.)

- Driving with suspended license (Case No. 5MT01807) (PSR ¶ 113).  On December 27, 2019, the conviction was also set aside pursuant to PC 1203.4.  (Defense Exhibit at 6.)

- Driving with suspended license (Case No. 6PK00444) (PSR ¶ 116).  On November 18, 2019, the conviction was also set aside pursuant to PC 1203.4.  (Defense Exhibit at 9.)

- Prostitution (Case No. 7PY04986) (PSR ¶ 120).  On November 18, 2019, the conviction was also set aside pursuant to PC 1203.4.  (Defense Exhibit at 10.)

- Driving with suspended license (Case No. 1IG06787) (PSR ¶ 127).  On December 6, 2019, the conviction was also set aside pursuant to PC 1203.4.  (Defense Exhibit at 12, 13.)

Defendant now seeks to challenge his criminal history calculation in the instant matter by arguing that these five prior state convictions have been "expunged."  (Def. Position at 4.) While it is true that expunged convictions do not be counted in a defendant's criminal history score, defendant has not actually

expunged any of his prior convictions.  He merely had them set aside, pursuant to California Penal Code § 1203.4.  Unfortunately for defendant, convictions set aside pursuant to PC 1203.4 are not "expunged" under the Federal Sentencing Guidelines and still qualify for criminal history points in Federal court.  See <u>United States v. Hayden</u>, 255 F.3d 768 (9th Cir. 2001) ("A conviction set aside pursuant to California Penal Code section 1203.4 is not 'expunged' under Sentencing Guideline § 4A1.2(j).  Therefore, the Municipal Court orders setting aside Hayden's state convictions do not entitle Hayden to a recalculated criminal history score or a recomputed federal sentence.")

Defendant also argues that these convictions, if counted, should only receive one criminal history point "because they no longer have the effect of constituting a sentence of more than 60 days and are essentially diversionary dispositions that are only counted as 1-point sentences."  (Def. Position at 4.)  Defendant, however, provides no legal basis for his position.  Each conviction described in the PSR explicitly identifies the length of sentence imposed to justify the criminal history assessment.  For example, paragraph 111 states that defendant was sentenced to 32 months imprisonment.  Further, he had his parole revoked on three different occasions for this offense and was returned to prison on each occasion.  None of the 2019 litigation in California Superior Court changes the amount of time he served for those offenses.

**B.   The PSR Correctly Assessed Two Points in Paragraph 126**

Defendant objects to the assessment of two criminal history points in paragraph 126 for his conviction of False Personation in Tulare County.  (Def. Position at 5.)  Defendant argues that it

"appears [] that Mr. Carter could not post bail and therefore was held in custody for 67 days and released upon pleading guilty," and that the sentence imposed "was only due to Mr. Carter's inability to post bail and therefore should not be counted under the Due Process Clause." (Id.)  There is no evidence to support defendant's speculation.  Even if defendant provided evidence of his inability to post bail in that matter, defendant fails to cite legal authority to support his position that his inability to post bail is a sufficient reason to negate his criminal history calculation.

Moreover, California has historically operated a cash bail system in which all criminal defendants are given the opportunity for release if they can post bail.  Essentially, defendant is arguing that all state defendants who could not afford bail should not be assessed subsequent criminal history points if Federal court if they were sentenced to time served in the state matter.  There is no legal basis to support such a claim, and it should be denied.

**VI.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of life imprisonment, and a special assessment of $1200.

The government respectfully requests the opportunity to supplement its position as may become necessary.

8