TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief, Criminal Division
DAVID KOWAL (Cal. Bar No. 188651)
Assistant United States Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5136
Facsimile: (213) 894-0141
E-mail: david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LARON DARREL CARTER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CV 25-8559-ODW
CR 14-297-VAP

GOVERNMENT’S EX PARTE APPLICATION TO CONTINUE TIME FOR RESPONSE TO DEFENDANT LARON DARREL CARTER’S MOTION PURSUANT TO 28 U.S.C. § 2255; DECLARATION OF DAVID KOWAL

The United States of America, by and through its attorney of record, the United States Attorney's Office ("USAO") for the Central District of California, hereby applies ex parte for additional time to file its response to the motion of Laron Darrell Carter (“defendant”) to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255. The government’s application is based on the

//

//

//

//

Declaration of AUSA David Kowal, and the files and records in this case. If granted, the government's response to defendant's motion would be due January 15, 2027.

Dated: November 13, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Asst. United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division

/s/
DAVID KOWAL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF DAVID KOWAL**

I, David Kowal, declare, as follows:

1. I am an Assistant United States Attorney ("AUSA") for the United States Attorney's Office in the Central District of California ("USAO").

2. I have been assigned to respond to the motion filed by defendant Laron Darrell Carter ("defendant") vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255, filed on September 8, 2025 (the "motion").

3. By this application the government request to extend the time to respond to the motion to January 15, 2027, with defendant's reply due on February 12, 2027

4. I seek this extension for the following reasons.

a. As mentioned in my previous extension requests I had no previous experience or familiarity with this case which arises from a trial before Judge Phillips followed, a direct appeal and additional post-appeal sentencing, motions, and a second appeal. The attorneys who previously handled the trial and sentencings in this matter before Judge Phillips, and who argued the two appeals before the Ninth Circuit are no longer in the United States Attorney's office. Since the last extension I have continued to review trial, and sentencing transcripts and materials and conduct legal research on some of defendant's 11 legal claims as well as the procedural defenses to them.

b. As mentioned in my prior extension requests, this is an exceptionally complex motion to respond to. It continues to take substantial time to respond to similar in man ways to a Ninth Circuit appeal. The motion raises 11 substantive grounds for relief

and references or concerns portions of the trial transcript, sentencing, appellate briefs and multiple pre-and post-trial motions in this matter. Defendant is also making claims regarding matters outside the record such as alleged plea agreement offered to him by the government and alleged ineffective assistance of counsel by his former lawyers. Defendant has attached over 120 pages of exhibits from numerous pretrial, trial, and post-trial proceedings. To respond to the motion, I am reviewing a voluminous set of records and seeking to locate others. This includes the trial transcript, transcripts of the sentencing and post-appeal sentencing, appellate briefs and records and multiple pre- and post-trial briefs and motions before the District Court and Ninth Circuit.

c. I need more time to complete the government’s work given the amount of material, the number of issues, and the complexity of this motion. This includes not only compiling and reviewing the material described above but also speaking to prior attorneys in this case, including those who represented defendant in order to respond to his ineffective assistance claims. Even once I obtain and review all the materials referenced above, I will need substantial additional time to prepare the government’s opposition to the motion, given the large number of issues, the size of the record, and the complexity of the motion overall.

d. In addition, I will need time to make sure all proper procedural and substantive responses are made given the gravity of defendant’s crimes resulting in a 40-year sentence. According to the BOP’s website, defendant’s current release date is in August 2048.

5. The requested continuance is a reasonable estimate of the time needed to complete the opposition in this case or to report on my progress to the Court in a further extension in light of the factors above, the progress I have made since the last extension, and my current responsibilities. I am also seeking extensions on a regular basis rather than seeking unusually long ones of many months. I currently have approximately 30 active post-trial matters although this one takes up a disproportionate amount of time given its size. As I have explained previously, this case typically takes large segments of time in order to make progress given the size and complexity of the record. I will continue to pursue the opposition with diligence, given the unusual complexity of this matter and the factors set out in the above paragraph, I again alert the Court again that that I may be required to ask for additional time although, again, I continue to make it a priority among my cases.

6. Defendant filed his motion pro se and remains in BOP custody until 2048 so I have not communicated with him about this motion. However, I will serve a copy of this request on his address on the motion and/or on the address on file with the Court and BOP.

I declare, under penalty of perjury and the laws of the United States of America, that the forgoing is true and correct.

Executed this 13th day of November, 2026, in Los Angeles, California.

/s/
DAVID KOWAL